IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                    No. 11-cr-02732-RB

GABRIELA GUTIERREZ,

       Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant Gabriela Gutierrez's Motion for a Bill of Particulars, filed November 18, 2011. (Doc. 45). The United States filed its Response in Opposition to Defendant's Motion for a Bill of Particulars on November 28, 2011. (Doc. 48). Having considered the submissions and arguments of counsel, relevant law, and being otherwise fully advised, the Court denies in part and grants in part Defendant's motion.

**I.    Discussion**

Defendant Gabriela Gutierrez has been charged in a five-count Indictment with (1) Conspiracy in violation of 18 U.S.C. § 371, (2) False Statements in Connection with Firearms Purchases in violation of 18 U.S.C. § 924(a)(1)(A), and (3) the Smuggling of Firearms in violation of 18 U.S.C. § 554. Defendant moves for a bill of particulars on the ground that she is unable to ascertain from the face of the Indictment the nature of the case against her. She claims that the complexity of the charges, paired with the lack of specificity in the Indictment, leaves her unable to adequately prepare her defense. Accordingly, Defendant asks for a bill of particulars stating:

> (1) The exact language, word or words used by the defendant, which allegedly indicated, or tended to indicate, that she willfully and knowingly agreed to commit crimes charged

in the indictment;

(2) The nature of the act, and the date, time and place of said act, by which the defendant first manifested that she was part of the alleged conspiracy. In other words, what is the first act the defendant is accused of committing in furtherance of the alleged conspiracy?;

(3) The time, date and place of the last act the defendant is charged with having committed in furtherance of the conspiracy; and

(4) The names of un-indicted, but identified, co-conspirators of the Defendant, including those whose names are known or have become known since the return of the Indictment, or the names of those other persons whom the government deleted or omitted from the Indictment, including, but not limited to B.G., I.V., E.E., I.G., M.C., D.C., B.C., A.V., E.G., R.G., and V.C.

(Def. Mot. for a Bill of Particulars, Doc. 45, at 1-2).

Federal Rule of Civil Procedure 7(f) provides that a "court may direct the government to file a bill of particulars." FED. R. CRIM.P. 7(f). "The purpose of a bill of particulars is to inform the defendant of the charge against [her] with sufficient precision to allow [her] to prepare [her] defense, to minimize surprise at trial, and to enable [her] to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988). However, a bill of particulars "is not a discovery device," *id.* at 1029, and defendants are "not entitled to know all the evidence the government intends to produce, but only the theory of the government's case." *Id.* at 1030 (citing *United States v. Giese*, 597 F.2d 1170, 1181 (9th Cir.), *cert. denied*, 444 U.S. 979, 100 S.Ct. 480, 62 L.Ed.2d 405 (1979)). Thus, "[w]here an indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial, a bill of particulars is not warranted." *United States v. Lujan*, 530 F. Supp. 2d 1224, 1242 (D.N.M. 2008) (citing *United States v. Levine*, 983 F.2d 165, 167 (10th Cir.1992)) ("A bill of particulars is not necessary if 'the indictment sets forth the elements of the offense charged and sufficiently apprised the defendant of the charges

to enable him to prepare for trial.' "). District courts have broad discretion in ruling on requests for bills of particulars. *Dunn*, 841 F.2d at 1029.; *see also Will v. United States*, 389 U.S. 90, 99 (1967).

In the instant case, the Indictment cites the criminal statutes under which Defendant is being charged, generally tracks the language of the respective statutes, references the dates and counties in which Defendant's alleged violations – including aiding and abetting – occurred, and lists the overt acts Defendant is charged with committing. Furthermore, the United States has provided seven disks and a hard drive of discovery including numerous agent reports and synopses of interviews, intercepted telephone calls and text messages, photographs and pole camera footage. (United States' Response in Opposition to Def. Mot. for a Bill or Particulars, Doc. 48, at 1). The government additionally states that it will continue to provide discovery as it becomes available. *Id.* The Tenth Circuit has held that in addition to a proper indictment, the government's provision of pre-trial discovery materials to a defendant may further enable her to prepare a defense. *See United States v. Kunzman*, 54 F.3d 1522, 1526 (10th Cir. 1995) ("The second superseding indictment described the defendants' scheme in detail and provided dates, places and the persons involved in various transactions. [The defendant] does not dispute that he was provided with full discovery of the government's materials prior to trial. This was sufficient to inform [Defendant] of the charges against him and to enable him to prepare his defense.") The Court finds that under these circumstances, the Indictment sufficiently apprises the Defendant of the charges against her to enable her to prepare for trial.

In support of her motion, Defendant attaches a memorandum referencing a "previous case" in which her defense counsel was provided information detailing specific dates his client

allegedly made statements to a "confidential informant" in furtherance of a charged conspiracy. Based on this information, counsel was able to offer evidence showing that his client was out of the country when these alleged statements were made. Without this specific information, Defendant argues, counsel would have been unable to effectively investigate and prepare an adequate defense to the conspiracy charge. Thus, Defendant contends that failure to provide such information is prejudicial to defendants.

While the Court appreciates Defendant's point, it is not apparent how this anecdotal discussion of a previous unrelated case is relevant to the instant case excepting the general, obvious, proposition that specific information can lead to specific defenses. As discussed above, the purpose of a bill of particulars is not to function as a discovery device, but rather is to inform the defendant of the charges against her with sufficient precision to enable her to prepare a defense. The Court has found that the Indictment sets forth the elements of the offenses charged and sufficiently apprises Defendant of these charges to enable her to prepare for trial. Therefore, the Court denies Defendant's request for the specific information detailed in numbers (1) - (3) above. In regard to number (4) above, the government has voluntarily agreed to provide the full names of the co-conspirators listed by initials in the Indictment. The Court therefore orders that the United States furnish this information to the defense via a letter containing the full names of the alleged co-conspirators currently listed in the Indictment by initials. The Court denies Defendant's request for a bill of particulars as to the remainder of number (4).

**WHEREFORE,**

**IT IS ORDERED THAT** Defendant Gutierrez's Motion for a Bill of Particulars (Doc. 45) is **denied in part** and **granted in part**.

**IT IS FURTHER ORDERED THAT** the United States provide a letter to the Defendant containing the full names of the alleged co-conspirators currently listed in the Indictment by their initials.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**