# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                            CV 14-238 RB/WPL
                                                    CR 11-2732 RB

GABRIELA GUTIERREZ,

      Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before me on Gabriela Gutierrez's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1), and her Motion to Expedite Resentencing (Doc. 6).[1] Since Gutierrez's claim may be resolved on the record alone, I have not conducted an evidentiary hearing. I recommend that the motion be denied.

### BACKGROUND

As part of a plea agreement, Gutierrez pleaded guilty to one count of conspiracy, the object of which was to effect straw purchases for firearms to be exported to Mexico. (CR Doc. 73.) On October 9, 2012, the Court imposed a sentence of twenty four months incarceration followed by two years of supervised release. (CR Doc. 81.) The judgment in the criminal case was filed on October 10, 2012. (CR Doc. 83.) Gutierrez did not directly appeal her conviction or sentence. (Doc. 10 at 3-4; Doc. 14 at 1.)

---

[1] All citations to "Doc." refer to documents filed in the civil case, CV 14-238 RB/WPL. All citations to "CR Doc." refer to documents filed in the criminal case, CR 11-2732 RB. Documents filed in both cases are cited by reference to the corresponding document in the civil case.

On March 10, 2014, Gutierrez filed her § 2255 motion (postmarked March 5, 2014). (Doc. 1.) Gutierrez made two ineffective assistance of counsel claims in her petition: 1) that she had ineffective assistance of counsel leading to her guilty plea; and 2) that her counsel was ineffective for failing to object to the Pre-Sentence Investigation Report's ("PSR") recommended base offense level, which was predicated on a machinegun-type enhancement under U.S.S.G. § 2K2.1(a)(5). (*Id.* at 17-19.) Accordingly, Gutierrez requested that the Court vacate her conspiracy conviction and criminal record and grant a resentencing hearing under the appropriate guidelines. (*Id.* at 20.)

The United States moved for, and was granted, an extension of time to file a response to Gutierrez's § 2255 motion. (Docs. 4, 5.) Before the United States filed its response, Gutierrez filed a Motion to Expedite/Dismiss, in which she dismissed her first argument and sought to proceed solely on the resentencing issue. (Doc. 6.)

On April 11, 2014, the Court entered an Order determining that Gutierrez met the requirements for representation under the Criminal Justice Act ("CJA"), and referred her to the CJA Panel for the District of New Mexico to have counsel appointed. (Doc. 8.) Attorney Jeffrey Lahann was appointed for Gutierrez on April 16, 2014. (Doc. 9.)

The United States filed a response to Gutierrez's § 2255 motion on April 18, 2014. (Doc. 10.) In its response, the United States argues that this Court should deny Gutierrez's motion for two reasons: first, the motion is time-barred under § 2255(f)(1), which requires a prisoner to file a § 2255 motion within one year of the judgment of conviction becoming final; and second, Gutierrez's counsel was not constitutionally ineffective for failing to object to the base offense level calculation in the PSR because she was sentenced pursuant to a binding plea agreement and the sentence was within the corrected guideline range, so there was no prejudice. (*See* Doc. 10.)

Gutierrez filed a pro se "Response to Government s Response" (sic) on May 2, 2014. (Doc. 13.) Gutierrez cannot file documents while being represented by an attorney. *See* D.N.M.LR 83.5 (prohibiting represented persons from filing documents on their own behalf). Therefore, I will not consider Gutierrez's pro se filing.

Through counsel, Gutierrez filed a reply on May 27, 2014. (Doc. 14.) Gutierrez argues that her § 2255 motion was timely under § 2255(f)(4), which provides that the one-year limitation is restarted by a triggering event beginning on the date on which facts supporting the claim could reasonably have been discovered. She argues that the triggering event in this case was when Gutierrez's family members began contacting her about co-defendants' motions to vacate their sentencing in January 2014 and she realized that the base offense level calculation in the PSR was incorrect.[2] (*Id.* at 2-4.) As to the sentencing issue, Gutierrez argues that the plea agreement was based on the incorrect guideline calculation in the PSR and that she suffered prejudice as a result of her ineffective counsel's failure to object. (*Id.* at 5-7.)

DISCUSSION

## I.      Evidentiary Hearing

A court must conduct a hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also United States v. Lopez*, 100 F.3d 113, 119 (10th Cir. 1996). Under this standard, "the petitioner bears the burden of alleging facts which, if proved, would entitle him to relief." *Hatch v. Oklahoma*, 58 F.3d 1447, 1457 (10th Cir. 1995) (quotation omitted), *overruled on other grounds by Daniels v. United States*, 254 F.3d 1180, 1188 n.1 (10th Cir. 2001) (en banc). Accordingly, if the prisoner alleges facts, which, if believed, cannot be grounds for relief,

---

[2] Gutierrez references "co-defendants," but she was the only defendant in her case. I assume she meant the defendants in the closely related case of *Villalobos et al.*, 2:11-cr-00487-RB.

3

there is no need for a hearing. *See id.* Additionally, the petitioner's "allegations must be specific and particularized; conclusory allegations will not suffice to warrant a hearing." *Id.* (quotation and internal punctuation omitted). If the claims relate to occurrences in the courtroom or evidence in the record, then the Court need not conduct a hearing. *Machibroda v. United States*, 368 U.S. 487, 494-95 (1962).

As discussed below, the motion, files, and records conclusively show that Gutierrez is not entitled to relief. Therefore, I did not hold an evidentiary hearing in this matter.

**II.     Timeliness**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year limitation on motions brought under § 2255. *See* 28 U.S.C. § 2255(f). This one-year period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or law of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* It is undisputed that Gutierrez's motion came more than a year after the judgment against her became final. (*See, e.g.*, Doc. 10 at 3 (explaining that judgment became final when the fourteen-day period for filing a direct appeal expired—in this case, on October 24, 2012).)

Gutierrez  argues, under § 2255(f)(4), that she reasonably relied on her trial counsel at the time of plea negotiations and the PSR drafting, and that she did not become aware of the motions

being made by defendants in the closely related case until "her family members began contacting her." (Doc. 14 at 2.) Gutierrez argues that she could not have discovered this error in the PSR, even through the exercise of due diligence, until January 2014. (*Id.*) Therefore, under the terms of § 2255(f)(4), the statute of limitations would have been triggered in January 2014, rendering Gutierrez's March 5, 2014, motion timely.

The Tenth Circuit addressed a similar issue in *United States v. Crawford*, 564 F. App'x 380 (10th Cir. 2014) (unpublished). The petitioner in that case, Crawford, argued that her motion should be considered timely under § 2255(f)(4) because the "relevant fact supporting her § 2255 claims was not the police misconduct itself, but the Government's subsequent *confirmation* of police misconduct in her case." *Crawford*, 564 F. App'x at 383 (emphasis in original) (internal quotation marks omitted). Crawford argued that it would be "improper to treat the date when she became aware of the underlying police misconduct as the trigger for the one-year limitations period." *Id.* Under Crawford's theory, the date on which she could have discovered the "claim-making fact" is the relevant date for the statute of limitations. *Id.* The Tenth Circuit disagreed and noted that the relevant date for triggering § 2255(f)(4) is the date when one could have obtained knowledge of the facts underlying a claim. *Id.* at 384 (citing *Fleming v. Evans*, 481 F.3d 1249, 1258 (10th Cir. 2007)).

Here, Gutierrez was served with a copy of her PSR before sentencing. Though neither party saw fit to file a copy of the PSR with this Court, Gutierrez intimates that Paragraph 137, page 46, of the PSR explicitly calculates her sentence pursuant to U.S.S.G. § 2K2.1(a)(5), "if the offense involves a firearm described in 26 U.S.C. § 5845(a) as a machinegun-type, the base level for the offense is 18." (Doc. 1 at 19.) Absent any showing to the contrary, Gutierrez could have become aware that the guidelines calculation included a machinegun-type enhancement on the

date she received the PSR. In any event, nothing suggests that March 2014 was within the one-year limitations period under § 2255(f)(4).

"The operative date is the date when she acquired *knowledge* of the facts underlying her claim, and that date falls outside the limitations period of § 2255(f)(4)." *Crawford*, 564 F. App'x at 385 (emphasis in original). "Section 2255(f)(4) speaks to discovery of facts supporting a claim, not a failure to appreciate the legal significance of those facts." *United States v. Collins*, 364 F. App'x 496, 498 (10th Cir. 2010) (unpublished.) Because Gutierrez was served with a copy of the PSR at least thirty five days before sentencing, pursuant to Federal Rule of Criminal Procedure 32(e)(2), she certainly could have discovered the error in the PSR more than a year before filing her § 2255 petition. Since Gutierrez does not meet the requirements of § 2255(f)(4), and her petition was filed more than one year after her conviction became final, her petition is untimely.

### III.    Equitable Tolling

Despite the fact that Gutierrez's motion was filed outside the statute of limitations, the statute may be subject to equitable tolling in "rare and exceptional circumstances," such as "when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citations omitted). In particular, "when an inmate diligently pursues [her] claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond [her] control," equitable tolling may be imposed. *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). The prisoner bears the burden of providing "specific facts" to establish that (1) extraordinary circumstances prevented her from timely filing her motion despite (2) her due diligence. *See Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (citations omitted).

The United States argues that Gutierrez's case does not qualify for equitable tolling because she has failed to show extraordinary circumstances or diligent pursuit of her rights. (Doc. 10 at 5.) Gutierrez agrees that she is not making an argument for equitable tolling. (Doc. 14 at 3.) As Gutierrez makes no argument for the application of equitable tolling, and does not otherwise point to extraordinary circumstances that prevented her from timely filing her motion, I recommend that the Court find equitable tolling inapplicable to this case.

CONCLUSION

Gutierrez's § 2255 motion was filed after the expiration of the statutory one-year limitations period. *See* 28 U.S.C. § 2255(f). Given that Gutierrez knew or could have known, pursuant to Federal Rule of Criminal Procedure 32(e)(2), about the guidelines factors before sentencing, I find that she has failed to meet her burden of establishing that her motion is timely. Further, Gutierrez has failed to demonstrate that equitable tolling is appropriate in this case. I therefore recommend that the Court deny Gutierrez's § 2255 motion (Doc. 1) as untimely. In addition, I recommend that a certificate of appealability not be issued. *See* 28 U.S.C. § 2253(a).

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

_____
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE