IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GABRIELA GUTIERREZ,

    Petitioner,

v.                                            14-cv-238 RB/WPL
                                                    11-cr-2732 RB

UNITED STATES OF AMERICA,

    Respondent.

**ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND
RECOMMENDED DISPOSITION**

    This matter is before me on the Magistrate Judge's Proposed Findings and Recommended Disposition ("PFRD") (Doc. 16) and Gutierrez's objections thereto (Doc. 17). The PFRD recommended denying Gutierrez's Petition Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence and Set for a New Sentencing (Doc. 1) because Gutierrez failed to timely file her motion. Gutierrez objects to the finding that she had notice of the facts underlying her claim when she received her Pre-Sentence Report ("PSR"), at some time prior to October 10, 2012. Gutierrez argues that her attorney's failure to object to the allegedly erroneous guideline calculation in the PSR constituted constitutionally ineffective assistance of counsel by prejudicing her position during plea negotiations. She further argues that her reliance on counsel's expertise in not objecting to the PSR guidelines calculations was reasonable, and that she could not have discovered, through due diligence, that the calculation was erroneous until January 2013. Having conducted a de novo review, I find the objections to be without merit. Furthermore, even if Gutierrez had filed her motion in a timely fashion, her argument is substantively flawed under the terms of her plea agreement because it does not address her

counsel's effectiveness in negotiating or entering her plea. For the reasons stated below, I **DENY** Gutierrez's § 2255 motion and will not issue a certificate of appealability.

## I. Gutierrez's Petition is Untimely Under § 2255

In her objections, Gutierrez summarily argues that she "could [not] have been put on notice that the guns in question were not machine guns" because there was no motion filed on her behalf objecting to the PSR. In support of this argument, Gutierrez relies on *United States v. Glover*, 97 F.3d 1345, 1349 (10th Cir. 1996). In *Glover*, the Tenth Circuit found ineffective assistance of counsel when a defense attorney failed to object to the use of D-methamphetamine to calculate the applicable guidelines range during the sentencing phase, when it could have been L-methamphetamine, resulting in a lower sentencing range, and the plea agreement did not specify which type of the drug was at issue in the case. *Id.* at 1347. The defendant in that case pleaded guilty to conspiracy to distribute and aiding and abetting the distribution of methamphetamine, but did not specify which type. *Id.* Gutierrez analogizes these facts to her case by arguing that her attorney failed to object to the PSR guidelines calculation that specified machinegun-type firearms, and that this failure prejudiced her during plea negotiations by placing her in a weaker bargaining position.

This argument seems to conflate her substantive ineffective assistance of counsel argument with the procedural bar recognized by the Magistrate Judge. *Glover* does not deal with 28 U.S.C. § 2255(f)(4) or the timing of when a petitioner could have known about the facts underlying her claim. Therefore, *Glover* does not apply to this argument.

Instead, the Magistrate Judge correctly relied on *United States v. Crawford*, 564 F. App'x 380, 383, 385 (10th Cir. 2014) (unpublished), for the proposition that a petitioner bears the burden of establishing when she could have discovered facts underlying her claim. Gutierrez

makes no argument that she did not receive a copy of the PSR or that she was unaware of the firearms involved in the case. As noted in the PFRD, "[s]ection 2255(f)(4) speaks to discovery of facts supporting a claim, not a failure to appreciate the legal significance of those facts." (Doc. 16 at 6); *United States v. Collins*, 364 F. App'x 496, 498 (10th Cir. 2010) (unpublished).

I agree with the Magistrate Judge that Gutierrez could have discovered the alleged error in the PSR before the one-year limitation imposed by § 2255. Her argument that she did not, in fact, discover the error until she was informed by family members of her co-conspirators' efforts to reduce their sentences in January 2014 is irrelevant to the issue of when she could have discovered the error.

Gutierrez's petition was filed more than one year after her conviction became final and she failed to establish facts meeting the requirements of § 2255(f)(4). Her petition is untimely under § 2255 and is denied for that reason.

**II. Gutierrez's Petition is Barred by her Plea Agreement**

Even if Gutierrez had timely filed her petition based on her counsel's failure to object to the guidelines calculation in the PSR, her petition is barred by her plea agreement. Gutierrez argues that she received ineffective assistance of counsel because her attorney did not object to the PSR's guidelines calculation, and this erroneous assumption prejudiced her during plea negotiations. On April 4, 2012, Gutierrez entered into the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), with a stipulated sentence that became binding on the Court upon the Court's acceptance of Gutierrez's plea. As part of her agreement, Gutierrez waived all appeals and collateral attacks on this conviction, "except on the issue of counsel's ineffective assistance in negotiating or entering this plea or this waiver." (CR Doc. 73 at 8.)

Federal Rule of Criminal Procedure 11(c)(1)(C) allows parties to structure a guilty plea that includes an agreement on a specific sentence or sentencing range that becomes binding on the court once the court accepts the plea agreement. *United States v. Silva*, 413 F.3d 1283, 1284 (10th Cir. 2005). "'A sentence imposed under a Rule 11(c)(1)(C) plea arises directly from the agreement itself, not from the Guidelines.'" *Id.* (quoting *United States v. Cieslowski*, 410 F.3d 353, 364 (7th Cir. 2005)) (alterations omitted).

In her plea agreement, Gutierrez stipulated to a twenty-four month sentence. This occurred before the PSR was ordered and before the sentencing guideline was calculated. As such, the guidelines calculation could not have prejudiced Gutierrez during plea negotiations, and her argument for ineffective assistance of counsel is outside the scope of "negotiating or entering [the] plea." (CR Doc. 73 at 8.) Because her argument is directed outside the scope of counsel's ineffective assistance in negotiation or entering into the plea, her petition is barred by the terms of the agreement and therefore denied.

IT IS THEREFORE ORDERED that:

1) The Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 16) are adopted by the Court;

2) Gutierrez's § 2255 Petition (Doc. 1) is **DENIED**;

3) This cause is **DISMISSED** with prejudice; and

4) A certificate of appealability is **DENIED**.

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE